IRA E. SHELDON, Appellant, v. WILLIAM VAIL, Respondent.

*Religious corporation — power of the trustees of a free church, to determine where persons shall sit — when they may forcibly remove a person from his seat.*

The trustees of a free church have the right to control and designate the places where persons shall sit, and in the absence of any proof that by usage or otherwise, a person has acquired the right to occupy a special seat, they or any one of them may, after requesting him to leave the seat he is occupying and take another, forcibly remove him therefrom.

It is sufficient, in such a case, to show that the act of a trustee in so removing a person was sanctioned by the board of trustees; either by previous authority or subsequent adoption.

APPEAL from a judgment in favor of the defendant, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was for an assault and battery alleged to have been committed by the defendant, in attempting to remove the plaintiff from a seat in the Baptist church of Broadalbin.

The defendant sought to compel the plaintiff to leave the seat he was occupying and take a seat further back in the church. Such action was taken because it was claimed that the plaintiff had at other times disturbed the religious services by making grimaces at the pastor and by other disorderly behavior.

*John M. Gardner*, for the appellant.

*J. M. Carroll*, for the respondent.

LEARNED, P. J.:

The word church has in many religious denominations, including that to which these parties belonged, three meanings, 1. The edifice. 2. The society organized under the statute. 3. The body of "church members," or communicants. This last body has no corporate existence, and has, as such, no control over the edifice and other property. The edifice and the property belong to the incorporation and are controlled by the trustees. The "church members," as individuals, generally are a part of the corporate

body and have the right to vote for trustees. But this right belongs to them as attendants on the public worship, and contributors; not as "church members."

The act of the body of "church members" in "withdrawing the hand of fellowship" from the plaintiff (probably equivalent to excommunicating him) had no effect on his right, whatever that might be, to attend divine worship, and no effect on his right, if any he had, to a seat in the edifice.

Next, the plaintiff was not at the time of his removal by defendant, acting in a disorderly manner; and could not be lawfully removed for any such cause.

Then the question remains, could the trustees by their authority remove him from the seat he was occupying. It appears that this was a free church. From this it must follow that there was no renting of seats. No proof is given as to the conditions upon which any person was allowed to occupy any particular seat, or any seat at all. Undoubtedly the habit of the plaintiff of sitting in the seat where he was at the time in question might be considered a license, so that he could not be removed without being first requested to go from that seat. But such a request was made by the defendant, who was one of the trustees. And it was only after refusal by the plaintiff that force was used.

The plaintiffs counsel admits that an usher or doorkeeper would have authority in regard to unrented pews, if his authority were reasonably exercised. We think it must be that the trustees would have a right to control the places where persons should sit; in the absence of any proof that, by usage or otherwise, rights were acquired to special seats. It does not affirmatively appear that the plaintiff was a contributor to the expenses of the corporation, so as to entitle him to a vote. But however that may be, we think that to establish a right to remain in that seat, against the request of the trustees that he should remove, something more should have been shown than was shown in this case.

The plaintiff, however, insists that there was no valid action by the trustees as a board, in this matter. We are not ready to say that, in such a matter as this, a formal vote at a regular meeting would be necessary. It is plain that the act of the defendant had in fact the approval of all the board. It was the result of a con-

sultation of four trustees on one occasion immediately after a meeting either of the church or the society. This meeting of the church or society was called by notices for two weeks from the pulpit. One witness says it was a meeting of the church and society and trustees. And action was then taken instructing the trustees to request the plaintiff to take another seat. Then there was another meeting of the trustees called on notice at Wetherbee's shop. It is true that one trustee was not present. He says that he had gone out of town. Notice might have been served on him in his absence. All the other trustees were present. The plaintiff urges that this meeting was not shown to be before the time in question. But from the testimony as to what took place, it would seem that it must have been before. At any rate it showed that the act of the defendant was sanctioned by the trustees either by previous authority or subsequent adoption.

Without therefore deciding that the action of the "church members" had deprived the plaintiff of any rights in respect to occupation of a seat, we think that he failed to prove that he had any right to the seat he was occupying, and that the trustees could require him to move therefrom.

Judgment and order should be affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment and order affirmed, with costs.